UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EARL GUMBS,<br>    *Petitioner*,<br><br>  v.<br><br>PHILIP L. RHONEY,<br>  as Acting Field Office Director,<br>  Buffalo Field Office,<br>  U.S. Immigration & Customs<br>  Enforcement;<br><br>TODD LYONS,<br>  Acting Director,<br>  U.S. Immigration & Customs<br>  Enforcement;<br><br>KRISTI NOEM,<br>  as Secretary,<br>  U.S. Department of Homeland<br>  Security;<br><br>PAM BONDI,<br>  as Attorney General,<br>  U.S. Department of Justice.<br><br>    *Respondents*.<br><br>Each Respondent is sued in his/her official capacity. | Civil Action No. 1:26-cv-107<br><br><br><br>**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241** |

Petitioner, Earl GUMBS, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, the All Writs Act, 28 U.S.C. § 1651, the Administrative Procedures Act, 5 U.S.C. §§ 701 et seq., and Article I, Section 9, of the Constitution of the United States. Petitioner alleges in support of his petition:

**INTRODUCTION**

1. Earl Gumbs ("Mr. Gumbs") was born in St. Kitts, has lived in the New York City for 26 years, and is not a United States citizen. Mr. Gumbs migrated to the U.S. fleeing his abusive father when he was 11 years old. On January 16, 2026, Mr. Gumbs was released on parole from Wende Correctional Facility of the New York State Department of Corrections and transferred to Immigration and Customs Enforcement ("ICE") custody.

2. Mr. Gumbs's detention by ICE and likely transfer outside of the Second Circuit constitute a violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution, the Immigration and Nationality Act ("INA"), and the Administrative Procedure Act ("APA").

3. Mr. Gumbs is not properly subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) because he does not have a deportable conviction at all, much less a deportable conviction that renders him subject to mandatory detention under that statute; and he is not properly detained under discretionary detention pursuant to 8 U.S.C. § 1226(a) because he has not and, upon information and belief, will not be provided a bond hearing that is compliant with the INA, the APA, and the Fifth Amendment Due Process Clause—namely, a bond hearing in which the burden of proof is placed on the government by a standard of clear and convincing evidence. Because there is no lawful basis for his detention, this Court should order his release, hold a bond hearing under the correct legal standards, or order a bond hearing be held under the correct legal standards.

4. Mr. Gumbs files this Petition to seek habeas relief for the aforementioned constitutional and statutory violations, seeking release due to the illegality of his detention, a bond hearing held by this Court, or a bond hearing by the Immigration Judge applying the proper legal standards in the alternative. If his case is remanded for a bond hearing, the government should be required to prove the need for continued detention by clear and convincing evidence. As has been held dozens of times by judges in this state, placing the burden on a detained person to justify his own right to release would violate his procedural due process rights, the Immigration and Nationality Act, and the Administrative Procedure Act.[1] As the Second Circuit has held, "it is

---

[1] *See, e.g.*, *Balbosa v. Garland*, No. 23-CV-6013-FPG, 2023 WL 3603665, at *2 (W.D.N.Y. May 23, 2023); *Tapia Lipez v. Garland*, No. 22-cv-39 (LJV), 2022 WL 3009530, at *6–7 (W.D.N.Y. July 29, 2022); *Gordon v. Garland*, No. 21-cv-06569 (EAW), 2022 WL 2467654, at *3 (W.D.N.Y. July 6, 2022); *Vazques v. Garland*, No. 21-cv-00477 (EAW), 2022 WL 2467655, at *2 (W.D.N.Y. July 6, 2022); *Toussaint v. Garland*, No. 21-cv-10904 (CS), 2020 WL 2354547, at *7–8 (S.D.N.Y. June 30, 2022); *Alvarado v. Garland*, No. 21-cv-1293 (LJV), 2022 WL 2187263, at *6-7 (W.D.N.Y. June 17, 2022); *Barrera Zuniga v. Garland*, No. 21-cv-06243 (EAW), 2021 WL 5989779, at *3–4 (W.D.N.Y. Dec. 16, 2021); *Jules v. Garland*, No. 21-cv-6342 (CJS), 2021 WL 4973081, at *9 (W.D.N.Y. Oct. 26, 2021); *Banegas v. Decker*, No. 21-cv-2359 (VEC); 2021 WL 1852000, at *4 (S.D.N.Y. May 7, 2021); *McDonald v. Feeley*, 535 F. Supp. 3d 128, 135-39 (W.D.N.Y. 2021); *Quintanilla v. Decker*, No. 21-cv- 417 (GBD), 2021 WL 707062, at *3 (S.D.N.Y. Feb. 22, 2021); *Onosamba-Ohindo v. Barr*, 483 F. Supp. 3d 159, 183 (W.D.N.Y. 2020); *Balogun v. Wolf*, No. 20-CV-6574-FPG, 2020 WL 13553495, at *7 (W.D.N.Y. Dec. 3, 2020); *Rodriguez v. Decker*, No. 20-cv-4118 (PKC), 2020 WL 3618990, at *3 (S.D.N.Y. June 30, 2020); *Garcia v. Decker*, 448 F. Supp. 3d 297, 300 (S.D.N.Y. 2020); Order, *Cabanillas Lazo v. Decker*, No. 19-cv-08513 (AJN), Dkt. No. 19, at 1 (S.D.N.Y. Jan. 31, 2020); *Arellano v. Sessions*, No. 6:18-CV-06625-MAT, 2019 WL 3387210, at *11 (W.D.N.Y. July 26, 2019); *Falodun v. Session*, No. 6:18-CV-06133-MAT, 2019 WL 6522855, at *12 (W.D.N.Y. Dec. 4, 2019); *Rajesh v. Barr*, 420 F. Supp. 3d 78, 83 (W.D.N.Y. 2019); *Medley v. Decker*, No. 18-cv-7361 (AJN), 2019 WL 7374408, at *3–4 (S.D.N.Y. Dec. 11, 2019); Order, *Gomez Dubon v. Decker*, No. 19-cv-8863 (AKH), Dkt. No. 11, at 2 (S.D.N.Y. Oct. 29, 2019); *De la Cruz v. Barr*, No. 19-cv-7573 (AKH), 2019 WL 8324539, at *2–3 (S.D.N.Y. Sept. 13, 2019); *Fernandez Aguirre v. Barr*, No. 19-cv-7048 (VEC), 2019 WL 4511933, at *3 (S.D.N.Y. Aug. 19, 2019); Order, *Padilla Raudales v. Decker*, No. 19-cv-1934 (PGG), Dkt. No. 23, at 1 (S.D.N.Y. Aug. 8, 2019); *Darko v. Sessions*, No. 18-cv-5675 (ER), 2018 WL 5095671, at *6 (S.D.N.Y. Oct. 19, 2018); *Linares Martinez v. Decker*, No. 18-cv-6527 (JMF), 2018 WL 5023946, at *5 (S.D.N.Y. Oct. 17, 2018).

2

improper to allocate the risk of error evenly between the individual and the Government when the potential injury is as significant as the individual's liberty," and "a clear and convincing evidence standard of proof [imposed on the Government] provides the appropriate level of procedural protection." *Velasco Lopez v. Decker*, 978 F.3d 842, 856 (2d Cir. 2020).

## PARTIES

5. Mr. Gumbs was apprehended by Respondents on January 16, 2026, via a transfer from the New York State Department of Correction at the Wende Correctional Facility in Alden, NY.

6. Respondent Philip L. Rhoney is named in his official capacity as Director of the Buffalo Field Office for Immigration and Customs Enforcement within the Department of Homeland Security. In this capacity, he is responsible for administration of immigration laws and execution of detention and removal determinations and, as such, he is a legal custodian of Petitioner. Respondent's office is located at 250 Delaware Avenue, Floor 7, Buffalo, NY 14202.

7. Respondent Todd Lyons is named in his official capacity as Acting Director of Immigration and Customs Enforcement within the Department of Homeland Security. In this capacity, he is responsible for administration of immigration laws and execution of detention and removal determinations and, as such, he is a legal custodian of Petitioner. Respondent's office is located at 500 12th Street SW, Washington, D.C.

8. Respondent Kristi Noem is named in her official capacity as the Secretary of the United States Department of Homeland Security. In this capacity, she is responsible for administration of the immigration laws pursuant to 8 U.S.C. § 1103(a); she routinely transacts business in the Western District of New York; she supervises Respondent Rhoney; and she is responsible for the pursuit of Petitioner's detention and removal and, as such, she is a legal custodian of

Petitioner. Respondent Noems's office is located at the United States Department of Homeland Security, Washington, D.C. 20528.

9. Respondent Pam Bondi is named in her official capacity as the Attorney General of the United States. In this capacity, she is responsible for administration of the immigration laws as exercised by the Executive Office for Immigration Review ("EOIR"), pursuant to 8 U.S.C. § 1103(g). She routinely transacts business in the Western District of New York and is legally responsible for administering Petitioner's removal and custody redetermination proceedings and the standards used in those proceedings and, as such, she is a legal custodian of Petitioner. Respondent Bondi's office is located at the United States Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

## JURISDICTION

10. Petitioner is at the time of this filing is in the custody of Respondents of the Buffalo Enforcement and Removal Operations ("ERO") ICE Office. This Court has jurisdiction over this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §§ 2241 and 1331 based on Petitioner's presence in the Western District of New York. *See Louisaire v. Muller*, 758 F. Supp. 2d 229, 233 (S.D.N.Y. 2010).

11. This Court has subject matter jurisdiction over this Petition pursuant to 28 U.S.C. § 2241; 28 U.S.C. § 1331; Article I, § 9, cl. 2 of the United States Constitution; the All Writs Act, 28 U.S.C. § 1651; and the Administrative Procedure Act, 5 U.S.C § 701 et seq. Additionally, the Court has jurisdiction to grant injunctive relief in this case pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. Petitioner's detention as enforced by Respondents constitutes a "severe restraint[] on [Petitioner's] individual liberty," as Petitioner is "subject to restraints not shared by the public generally," he "cannot come and go as he pleases," and his "freedom

4

of movement rests in the hands of" public officers. *See Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973).

12. Although only federal courts of appeal have jurisdiction to review removal orders directly through petitions for review, *see* 8 U.S.C. § 1252(a)(1), (b), federal district courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the lawfulness or constitutionality of their detention by ICE. *Demore v. Kim*, 538 U.S. 510, 516–17 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. There is no statutory requirement of exhaustion of administrative remedies where a noncitizen challenges the lawfulness of his detention. *See Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 237 (W.D.N.Y. 2019) (quoting *Beharry v. Ashcroft*, 329 F.3d 51, 56 (2d Cir. 2003)). Moreover, where the agency has predetermined a dispositive issue, no further action with the agency is necessary. *See, e.g.*, *Monestime v. Reilly*, 704 F. Supp. 2d 453, 456–57 (S.D.N.Y. 2010) (holding that administrative challenges to a noncitizen's classification under the mandatory detention statute would be futile given the agency's precedent on the issue); *Garcia*, 615 F. Supp. 2d at 180 (same).

14. Even assuming *arguendo* that a judicial exhaustion requirement applies to this petition, "exhaustion of administrative remedies may not be required when '(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) a plaintiff has raised a substantial constitutional question.'" *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir 2003) (quoting *Able v. U.S.*, 88 F.3d 1280, 1288 (2d Cir. 1996)).

15. Exhaustion in this case should not be required because (1) the Immigration Judge and Board of Immigration Appeals, pursuant to binding BIA precedent, will not provide Mr. Gumbs with a bond hearing that passes statutory and constitutional muster, because the agency will not place the burden of proof on the government by a standard of clear and convincing evidence, and therefore it is futile to challenge this decided precedent of the agency before the agency itself (2) even if he had a bond hearing, the Immigration Court and Board of Immigration Appeals could not adjudicate Mr. Gumbs' constitutional claims; (3) even if Mr. Gumbs were to appeal his ineligibility for a bond hearing to the Board of Immigration Appeals, on claims the Board either already decided or cannot decide, such appeal would take months from the time of filing, which therefore provides Mr. Gumbs with no genuine relief from his illegal detention; (4) Mr. Gumbs is already suffering irreparable injury in the form of ICE imprisonment and will continue to do so without immediate judicial relief, and his habeas petition raises a substantial constitutional question in that he alleges that Respondents violated his due process and petition rights under the Fifth and First Amendments; and (5) the policies underlying exhaustion concerns favor waiver in this case.

## VENUE

16. Pursuant to 28 U.S.C. § 2241(d), venue lies in the Western District of New York because, upon information and belief, Petitioner is present and in the custody of Respondents within the District.

**STATEMENT OF FACTS**

**Earl Gumbs Has Resided in New York City for Nearly Thirty Years**

17. Mr. Gumbs was born in the British Virgin Islands on March 4, 1988, and has lived in New York City since he was eleven years old. Mr. Gumbs has remained in the United States, for nearly the last twenty-six years.

18. Mr. Gumbs is a U.S. Legal Permanent Resident ("LPR").

19. Mr. Gumbs attended George Washington High School in New York City, then Hudson Valley Community College in Troy, New York. He then worked as a line cook at various restaurants in New York City.

20. Mr. Gumbs was arrested on July 9, 2010. He pled guilty to A misdemeanor NYPL § 220.03.

21. Mr. Gumbs was arrested on February 17, 2015. He pled guilty to B misdemeanor NYPL § 140.10.

22. Mr. Gumbs was arrested on October 12, 2015. He pled guilty to A misdemeanor NYPL § 165.15(3).

23. Mr. Gumbs was arrested on December 31, 2022. He pled guilty to violation NYPL § 240.20.

24. Mr. Gumbs was arrested on March 14, 2023. He pled guilty to violation NYPL § 240.20.

25. Mr. Gumbs was arrested on August 23, 2023. He pled guilty to violation NYPL § 240.20.

26. Mr. Gumbs was arrested on December 7, 2023. He pled guilty to C Felony NYPL § 125.15(1).

27. Upon information and belief, on January 16, 2026, Mr. Gumbs was transferred from Wende Correctional Facility, Alden, NY to Department of Homeland Security custody within the jurisdiction of the Western District of New York.

## LEGAL BACKGROUND

28. The Due Process Clause of the Fifth Amendment of the U.S. Constitution prohibits the federal government from depriving an individual of life, liberty, or property without due process of law. For immigration detainees like Mr. Gumbs, as with other civil detainees, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty" protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 748, 755 (1987).

29. The INA provides for detention of certain non-U.S. citizens who are not "arriving [noncitizens]" at the border and who do not already have removal orders under two subsections of the same statute: discretionary detention pursuant to 8 U.S.C. § 1226(a) and mandatory detention pursuant to 8 U.S.C. § 1226(c) for those who are inadmissible or deportable pursuant to certain statutory provisions.

30. The BIA held in 1976 that, in the context of discretionary detention, a noncitizen "generally is not and should not be detained or required to post bond except on a finding that he is a threat to the national security, or that he is a poor bail risk." *Matter of Patel*, 15 I. & N. Dec. 666, 666 (BIA 1976) (internal citations omitted). Subsequent agency decisions held that "an assessment of the [noncitizen's] danger to property or persons is a relevant consideration" in determination whether release on bond is appropriate. *Matter of Adeniji*, 22 I. & N. Dec. 1102, 1103 (BIA 1999).

31. Under the BIA's current interpretation of § 1226(a), a noncitizen in DHS custody "must establish to the satisfaction of the Immigration Judge" that he is not a danger, flight risk, or

8

threat to national security for bond to be set. *Matter of Guerra*, 24 I. & N. Dec. 37, 37–38 (BIA 2006); *see also Rodriguez v. Decker*, No. 20-cv-4118 (PKC), 2020 WL 3618990, at *2 (S.D.N.Y. June 30, 2020) ("[T]he government concedes that the BIA has determined, and repeatedly affirmed, that immigration detainees under 8 U.S.C. § 1226(a) bear the burden of demonstrating that they are not a danger to the community").

32. Under 8 U.S.C. § 1226(c), a noncitizen can only be subjected to mandatory detention pursuant to 8 U.S.C. § 12265(c) if they are either "inadmissible" pursuant to certain sections of 8 U.S.C. § 1182 or "deportable" pursuant to certain sections of 8 U.S.C. § 1227.

## SUBSTANTIVE ALLEGATIONS

### Mr. Gumbs Is Not Properly Subject to Mandatory Detention Under 8 U.S.C. § 1226(c) Because He Is Not Deportable

33. Mr. Gumbs is not subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) because he is not deportable at all, much less deportable under a provision identified in § 1226(c).

34. Mr. Gumbs's non-violation criminal pleas are to: NYPL § 220.03(1) for a July 9, 2010 arrest, NYPL § 140.10 for a February 17, 2015 arrest, NYPL § 165.15(3) for an October 12, 2015 arrest, and NYPL § 125.15(1) for a December 7, 2023 arrest. None of these convictions render him deportable or subject to mandatory detention.

35. Mr. Gumbs has not been convicted of an aggravated felony and is thus not deportable pursuant to 8 U.S.C. § 1227(a)(2)(A)(3) on that basis. His plea to NYPL § 125.15(1) is not a "crime of violence" aggravated felony. *Cf. Borden v. United States*, 593 U.S. 420, 141 S. Ct. 1817 (2021) (holding that a criminal offense that requires only recklessness cannot count as a "violent felony" under the Armed Career Criminal Act ("ACCA") definition elements clause, which is similar to the 18 U.S.C. § 16(a) crime of violence aggravated felony definition elements clause); *see also Jobson v. Ashcroft*, 326 F.3d 367 (2d Cir. 2003) (New York reckless

9

manslaughter is not a crime of violence aggravated felony). In this Circuit, definitions of terms such as "crime of violence" under the categorical approach are cross-applied between the federal sentencing (ACCA) context and the immigration (INA) context. *See, e.g., Banegas-Gomez v. Barr*, 922 F.3d 101, 108 (2d Cir. 2019); *see also Mathis v. United States*, 579 U.S. 500, 510 n.2 (2016).

36. Mr. Gumbs is not deportable for a conviction of a "crime of domestic violence" pursuant to 8 U.S.C. § 1227(a)(2)(E)(i) as he does not have a domestic relationship with the complaining witness in his December 7, 2023 arrest and none of his other pleas are penal codes that could be crimes of domestic violence.

37. Mr. Gumbs is not deportable for an offense relating to a controlled substance pursuant to 8 U.S.C. § 1227(a)(2)(B)(i) for his NYPL § 220.03 conviction because the NYPL definition of "controlled substance" is categorically overbroad. *See Harbin v. Sessions*, 860 F.3d 58 (2d Cir. 2017); NYPL § 220.03 (including NYPL definition of "controlled substance" as an element).

38. As a legal permanent resident, to be deportable for conviction of a crime involving moral turpitude ("CIMT"), Mr. Gumbs must be convicted of either (a) one CIMT committed within 5 years of admission into the U.S. and for which a prison sentence of one year or longer may be imposed or (b) two CIMTs committed at any time after admission to the U.S. not arising out of a single scheme. 8 U.S.C. § 1227(a)(2)(A)(i), (ii). Assessing Mr. Gumbs' pleas: NYPL § 220.03 is not a CIMT as it does not involve sale or intent to sell, NYPL § 140.10 is not a CIMT, NYPL § 165.15(3) is not a CIMT, *see Matter of Redacted* (BIA Apr. 22, 2019) (unpublished) ("the Immigration Judge considered that this Board has held that a conviction for simple fare evasion under NYPL § 1293(c) (the predecessor statute to NYPL § 165.15) is not a CIMT because there was no fraudulent intent required under the statute . . . . we agree

10

with the Immigration Judge that the respondent's statute of conviction . . . lacks a sufficiently reprehensible and depraved fraudulent intent component to qualify as a CIMT."); *Matter of G*, 2 I. & N. Dec. 235 (BIA 1945) (predecessor New York statute is not a CIMT because it did not involve fraudulent intent). Even if Mr. Gumbs's conviction for NYPL § 125.15(1) were considered a CIMT, this would only constitute a single CIMT that was <u>not</u> committed in the first five years of his LPR admission to the U.S., and he does not have a second CIMT, and therefore he is not deportable on CIMT grounds. Since he is not deportable on these grounds, he is not subject to mandatory detention. *See* 8 U.S.C. § 1226(c)(1)(B) & (C) (in order to be deportable based on a CIMT conviction, the noncitizen must be "<u>deportable</u> by reason of having committed any offense covered in section 1227(a)(2)(A)(ii)" (emphasis added), or "<u>deportable</u> under section 1227(a)(2)(A)(i) of this title" (emphasis added)).

39. In sum, Mr. Gumbs is not deportable, and thus is not subject to mandatory detention.

**In a Bond Hearing Under 8 U.S.C. § 1226(a), the Burden of Proof Must Be on the Government to Justify Detention by a Standard of Clear and Convincing Evidence**

40. Mr. Gumbs is not properly held in discretionary detention under 8 U.S.C. § 1226(a) because the Immigration Judge and BIA have not, and will not, provide him with a statutorily and constitutionally adequate bond hearing by requiring DHS to carry the burden of proof justifying detention by a standard of clear and convincing evidence. If Mr. Gumbs's case is remanded for a bond hearing, the government must be required to justify his continued detention by a standard of clear and convincing evidence.

41. Civil detention without the burden of proof being placed on the government by a standard of clear and convincing evidence is a violation of the Fifth Amendment Due Process Clause. The Supreme Court has repeatedly recognized that civil detention must be carefully limited to avoid due process concerns. *See, e.g.*, *Kansas v. Hendricks*, 521 U.S. 346, 368 (1997) (upholding

involuntary civil commitment of certain sex offenders but requiring "strict procedural safeguards" including a right to a jury trial and proof beyond a reasonable doubt); *Cooper v. Oklahoma*, 417 U.S. 348, 363 (1996) ("[D]ue process places a heightened burden of proof on the State in civil proceedings in which the individual interests at stake . . . are both particularly important and more substantial than mere loss of money"). Given the gravity of the liberty deprivation when the government preventively detains individuals, due process requires the jailers to bear the burden of proof to justify that detention. *See, e.g.*, *Foucha v. Louisiana*, 504 U.S. 71, 81–82, 86 (holding unconstitutional a state civil commitment "statute that place[d] the burden on the detainee to prove that he is not dangerous"). Moreover, the government must meet a heightened standard and establish by clear and convincing evidence that its interest in preventive detention outweighs an "individual's strong interest in liberty." *Salerno*, 481 U.S. at 751; *see Argueta Anariba v. Shanahan*, No. 16-cv-1928 (KBF), 2017 WL 3172765, at *4 (S.D.N.Y. July 26, 2017) (it "is particularly important that the Government be held to the 'clear and convincing' burden of proof in the immigration detention context because civil removal proceedings, unlike criminal proceedings, 'are nonpunitive in purpose and effect'" (quoting *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001)). As the Second Circuit has held, "it is improper to allocate the risk of error evenly between the individual and the Government when the potential injury is as significant as the individual's liberty," and "a clear and convincing evidence standard of proof [imposed on the Government] provides the appropriate level of procedural protection." *Velasco Lopez v. Decker*, 978 F.3d 842, 856 (2d Cir. 2020); *see also Balbosa v. Garland*, No. 23-CV-6013-FPG, 2023 WL 3603665, at *2 (W.D.N.Y. May 23, 2023) ("the 'consensus view' is that due process requires the government, not the alien, to prove continued detention is justified by clear and convincing evidence"); *Falodun v. Session*,

No. 6:18-CV-06133-MAT, 2019 WL 6522855, at *12 (W.D.N.Y. Dec. 4, 2019) ("This Court, along with the overwhelming majority of district courts in this Circuit, has determined that the appropriate process due consists of a bond hearing before a neutral decision-maker at which the burden is on the Government to establish, by clear and convincing evidence, that the detainee should not be released on bond because he or she is a flight risk or danger to the community"). In sum, pursuant to the Due Process Clause, Mr. Gumbs is entitled to a bond hearing in which DHS carries the burden of proof by a standard of clear and convincing evidence.

42. Additionally and in the alternative, the BIA's shifting of the burden of proof in bond proceedings to noncitizens is contrary to legislative intent and an improper and *ultra vires* application of the INA. When Congress replaced the former detention statute at 8 U.S.C. § 1226(a)(1) with § 1226(a), making no meaningful changes to the language of the statute, then-existing case law interpreting the statute placed the burden of proof in immigration bond hearings on the government. *See Patel*, 15 I. & N. Dec. at 666 (holding that an immigrant "generally is not and should not be detained or required to post bond except on a finding that he is a threat to the national security or that he is a poor bail risk"). "Congress is presumed to be aware of an administrative or judicial interpretation of a statute and to adopt that interpretation when it re-enacts a statute without change." *Lorillard v. Pons*, 434 U.S. 575, 580 (1978). Further, in another part of the statute, § 1226(c)(2), dealing with mandatory detention in cases of certain deportable or inadmissible criminal convictions, Congress explicitly shifted the burden of proof to the respondent in that context, yet chose to omit the same burden-shifting language from 1226(a). "Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress

acts intentionally and purposely in the disparate inclusion or exclusion." *Nken v. Holder*, 556 U.S. 418, 430 (2009).

43. Moreover, the BIA's shifting of the burden of proof from the government to noncitizens in *Matter of Adeniji*, 22 I. &. N. Dec. 1102 (BIA 1999), is arbitrary and capricious in violation of the Administrative Procedure Act. *Adeniji* was premised on a regulation, 8 C.F.R. § 236.1(c)(8), which authorizes immigration enforcement officers to release noncitizens if the noncitizen demonstrates "to the satisfaction of the officer" that they are neither a danger nor a flight risk. By contrast, the relevant statute for bond determinations by *immigration judges* is 8 C.F.R. § 236.1(d)(1), which is silent as to the burden of proof, and therefore did not alter the then-existing decades of precedent placing of the burden of proof on the government in bond hearings. The BIA in *Adeniji* erroneously applied the burden-shifting of the first regulation (applicable only to enforcement officers) to immigration judges, without addressing the decades of contrary precedent, significant liberty concerns at stake, silence of the applicable regulation as to burden of proof, and impropriety of eliminating procedural protections in a judicial context. *See Adeniji*, 22 I. & N. Dec. at 1112. This decision is arbitrary and capricious in violation of the APA, and the burden of proof in any bond hearing held for Mr. Gumbs should be placed squarely on the government by a heightened standard.

44. It is futile to raise constitutional claims before the immigration agencies, which have no jurisdiction to hear such claims. *See Matter of Yanez*, 23 I. & N. Dec. 390 (BIA 2002). "If a petitioner can show 'that pursuing available administrative remedies would be futile, the purposes behind the requirement of exhaustion are no longer served [...] a court will release the [petitioner] from the requirement.'" *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003), *as amended* (July 24, 2003) (quoting *Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d

588, 594 (2d Cir. 1993)). An administrative appeal would be futile when the agency has predetermined the issue before it. *Monestime v. Reilly*, 704 F. Supp 2d 453, 456 (S.D.N.Y. 2010) (quoting *Garcia v. Shanahan*, 615 F. Supp. 2d 175, 180 (S.D.N.Y. 2009)); *see also Araujo-Cortes v. Shanahan*, 35 F. Supp. 3d 533, 538 ("In this case, it would be futile . . . to appeal to the BIA . . . [because] the BIA has already rejected Araujo-Cortes' statutory arguments"). Therefore, administrative exhaustion of the claims herein is not required, and it is proper to raise these issues in Mr. Gumb's case before the District Court.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION:
### VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT

45. Petitioner repeats and re-alleges the allegations of all preceding paragraphs of this Petition.

46. U.S. citizens and noncitizens alike are guaranteed the right to due process under the Fifth Amendment to the U.S. Constitution.

47. Respondents' transfer to ICE custody and likely transfer out of the Second Circuit, without a constitutionally adequate bond hearing where DHS is required to carry the burden of proof by a standard of clear and convincing evidence, denies his constitutionally protected liberty interests to adequately, effectively, and meaningfully access due process.

48. As a proximate result of Respondents' conduct, Petitioner has suffered prejudice, actual and substantial hardship, and will suffer irreparable injury.

49. Petitioner has no adequate remedy at law.

### SECOND CAUSE OF ACTION:
### VIOLATION OF THE IMMIGRATION AND NATIONALITY ACT AND ADMINISTRATIVE PROCEDURE ACT

50. Petitioner repeats and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

51. The proper interpretation of 8 U.S.C. § 1226(a) is that Congress maintained the decades-long practice of placing the burden of proof on the government to justify detention in custody proceedings. The BIA's placement of the burden of proof on the noncitizen since *Matter of Adeniji* is an improper and *ultra vires* application of, and thus a violation of, the Immigration and Nationality Act.

52. Additionally, the Administrative Procedure Act ("APA") prohibits federal action that is "in excess of statutory jurisdiction, authority or limitations, or short of statutory right," 5 U.S.C. § 706(2)(C), that is "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law," *id*. § 706(2)(A), and that is taken "without observance of procedure required by law," *id*. § 706(2)(D). "[F]inal agency action for which there is no other adequate remedy in a court [is] subject to judicial review." 5 U.S.C. § 704.

53. Respondents' arrest of Mr. Gumbs without providing a neutral bond hearing or procedural protections (including the placement of the burden of proof on the government by a standard of clear and convincing evidence), is "not in accordance with law," and is arbitrary and capricious in violation of Respondents' authority under the INA and APA. It also misinterprets and violates the Fifth Amendment Due Process Clause and therefore violates the APA as an unconstitutional agency action.

54. As a proximate result of Respondents' conduct, Petitioner has suffered prejudice, actual and substantial hardship, and irreparable injury.

55. Petitioner has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully requests that this Court:

1. Assume jurisdiction over this matter;

2. Enjoin Respondents from transferring the Petitioner outside the jurisdiction of the Buffalo Field Office and the Western District of New York pending the resolution of this case;

3. Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner on his own recognizance; or, in the alternative, hold a bond proceeding by this Court wherein DHS is held to the burden of justifying Petitioner's continued detention by a standard of clear and convincing evidence; or, in the alternative, order the Immigration Judge to hold a bond hearing, wherein the government is held to the burden of justifying Petitioner's continued detention by a standard of clear and convincing evidence.

4. Award Petitioner his costs and reasonable attorneys' fees in this action as provided for by the Equal Access to Justice Act, 28 U.S.C. § 2412, or other statute; and

5. Grant such further relief as the Court deems just and proper.

New York, NY  
January 16, 2026

Respectfully submitted,

/s/ Martin Adams  
Neighborhood Defender Service of Harlem  
317 Lenox Avenue, 10th Fl.  
New York, NY 10027  
212-876-5500  
MAdams@ndsny.org

*Pro bono Counsel for Petitioner*